**MOSTYN et al. v. GRIFFITH et al.**

**No. 3490.**

Court of Civil Appeals of Texas. Beaumont.

June 15, 1939.

Rehearing Denied June 28, 1939.

Hardway & Austin, of Houston, for appellants.

Pitts & Liles, of Conroe, for appellees.

O'QUINN, Justice.

This is an appeal from an order granting an injunction. The suit grew out of the following facts:

(a) May 6, 1932, Banks Griffith, Sr., Banks Griffith, Jr., and Morrison Griffith conveyed by general warranty deed Lots 14 to 26, inclusive, in Block II of the Highland Addition to the City of Conroe, Texas, to Ben S. Robinson (being also known as B. S. Robinson) as a part of the consideration for which Ben Robinson executed and delivered to said Griffiths his one promissory vendor lien note in the sum of $1300.00, same due and payable one year after date, the deed also retaining the vendor's lien on said lots to secure the payment of said note. This deed was duly recorded in the Deed Records of Montgomery County, Texas.

(b) August 10, 1936, not having paid any part of said note above mentioned, Ben Robinson and his wife, Lura Robinson, in consideration of the cancellation of the vendor's lien note and the vendor's lien retained in the deed, reconveyed to Banks Griffith, Jr., Morrison Griffith, and J. M. Griffith, Executor of the estate of Banks Griffith, Sr. (he having died since

the conveyance to Ben Robinson of the lots above mentioned) lots 18 to 26, inclusive, block II of the Highland Addition to the City of Conroe; and on said date, August 10, 1936, Ben Robinson and his wife Lura Robinson, and George Robinson and his wife Anna Robinson, reconveyed lots 14 and 15 in block II of said Highland Addition to the City of Conroe, to said Griffiths, in consideration of the cancellation of the vendor's lien note, and said vendor's lien insofar as they related to and covered said lots 14 and 15.

(c) On October 14, 1936, J. M. Griffith, as executor of the estate of Banks Griffith, Sr., deceased, and Morrison Griffith and Banks Griffith, Jr., conveyed to George Robinson and his wife, Anna Robinson, lots 14 and 15, block II, Highland Addition to the City of Conroe, and in said deed of conveyance retained a vendor's lien on said lots to secure the payment of a note for $230.00 given in part payment for the lots.

(d) On ——— day of ———, 19—, J. M. Griffith, as Executor of the Estate of Banks Griffith, Sr., deceased, and Morrison Griffith and Banks Griffith, Jr., conveyed to E. A. Rogers lots 18 and 19 in block II, Highland Addition to the City of Conroe.

(e) On January 11, 1933, James Shaw, as Banking Commissioner of the State of Texas, obtained judgment in the County Court of Montgomery County, Texas, against B. S. Robinson (hereinbefore referred to as Ben Robinson) in the sum of $161.05, with interest and costs, which judgment was duly abstracted in the Abstract of Judgment Records of Montgomery County, and duly indexed, on February 22, 1933. On July 11, 1938, James Shaw, in writing, transferred and assigned this judgment and judgment lien to R. O. Wyatt, who caused an execution on said judgment to be issued out of the County Court of Montgomery County, in the name of James Shaw, Banking Commissioner of the State of Texas, and caused same to be levied upon lots 16 to 26, inclusive, in block II, Highland Addition to the City of Conroe, as the property of Ben Robinson, to be sold and the proceeds of such sale to be applied to said debt.

James Griffith, Executor of the Estate of Banks Griffith, Sr., deceased, Banks Griffith, Jr., and Morrison E. Griffith, brought this suit to enjoin R. O. Wyatt, the holder of the judgment on which the execution was based, and G. C. Mostyn, sheriff, from selling or offering for sale lots 18 to 26, inclusive, as they were attempting and threatening to do. On application for the injunction, a temporary restraining order was granted, and the cause set for hearing on a day certain. Appellants were duly cited and answered by general demurrer and general denial. On hearing the injunction was granted, and this appeal is from that order.

■ We think the judgment granting the injunction restraining appellants from selling lots 18 to 26, inclusive, must be affirmed. When Banks Griffith, Sr., Banks Griffith, Jr., and Morrison E. Griffith conveyed to Ben Robinson lots 14 to 26, inclusive, they retained the legal title to the lots by retaining in the deed of conveyance a vendor's lien on the property to secure the payment of the $1,300 note given by Ben Robinson as part consideration for the lots. This note he never paid, but on August 10, 1936, he and his wife Lura Robinson, reconveyed lots 18 to 26, inclusive, back to the vendors in consideration of the cancelling of said note and lien. This placed both the legal and equitable title to said lots in the Griffiths. The execution sale of the lots was to make the debt of Ben Robinson, who, at the time owned no interest, legal or equitable, in the lots, but which was the property of a third party, the Griffiths. The fact that the judgment of Shaw against Ben Robinson of date January 11, 1933, had, on February 22, 1933, been properly filed, indexed and recorded in the Abstract of Judgment Records of Montgomery County, did not operate to create a lien superior to the vendor's lien held by the Griffiths on the property in question, for by that lien the vendors to Robinson had retained the legal title to the lots, and as the note was never paid, but later Robinson reconveyed the lots back to his vendors in consideration of the cancellation of the note and lien, the title never vested in Robinson but at all times remained in the Griffiths. Urban v. Bagby, Tex. Civ.App., 286 S.W. 519, 524.

■ Furthermore, a sale of the lots under execution by Wyatt, the judgment lien debt holder against Ben Robinson, who owned no interest in the lots, would cast a cloud upon the title of appellees to said lots 20 to 26, inclusive, which they own, and a cloud upon the title of E. A. Rogers to whom appellees had conveyed

by warranty deed lots 18 and 19, which warranty of title appellees were bound to protect. That one is entitled to an injunction to protect his title to real estate from having a cloud cast upon same, is well settled. Article 4642, R.S.1925; 24 Tex.Jur., Sec. 69, pp. 96-97; Pacheco v. Allala, Tex.Civ.App., 261 S.W. 148; Stolte v. Karren, Tex.Civ.App., 191 S.W. 600; Boykin v. Pierce, Tex.Civ.App., 240 S.W. 1114; Shirey v. Trust Co. of Texas, Tex. Civ.App., 69 S.W.2d 835, Writ refused.

The injunction was correctly awarded, and the judgment is affirmed.