CITY OF ROSENBERG, et al,
Appellants,

v.

Bernard S. RENKEN, Jr., Appellee.

No. A2550.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Decided March 25, 1981.

Opinion On Remittitur Being Filed
April 1, 1981.

Rehearing Denied April 29, 1981.

Michael P. Morris, Mark Allen, Tekell, Book & Matthews, D. Craig Olivier, Vinson & Elkins, Houston, for appellants.

Wm. Mac Gann, Gann, Fried & Edwards, Houston, for appellee.

Before BROWN, C. J., and JUNELL and PAUL PRESSLER, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a judgment in favor of Appellee for damages from an eye injury. It is undisputed that Appellee's right eye was seriously injured when struck by a piece of gravel thrown by the spinning tire of a City of Rosenberg vehicle. This vehicle was being negligently operated by the individual Appellant, Marty Dawson, while in the course and scope of his employment with the City. Trial was to a jury which found in Appellee's favor on all points with damages totaling $109,500. On June 24, 1980 a final judgment was signed awarding Appellee that amount.

Appellants bring ten separate points of error. Points of Error numbered 1, 3, 4, 5, 6, 7, 8 and 9 complain that the evidence was insufficient to support the jury's answers to each subdivision of the damage issue. In reviewing "insufficient evidence" points we must consider all the evidence both for and against the jury's findings. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 662 (1951).

For medical expenses from the date of the accident to the date of trial, Appellee is entitled only to reasonable medical expenses necessarily incurred as the result of the accident. *Bronwell v. Williams*, 597 S.W.2d 542 (Tex.Civ.App.-Amarillo 1980, writ ref'd n. r. e.). The only evidence in the record of such medical expenses totals $3223. Therefore the finding of the jury that past medical expenses amounted to $3500 is excessive by $277.

Recovery for future medical expenses requires a showing that there is a reasonable probability that such medical expenses will be incurred in the future. *Fisher v. Coastal Transport Co.*, 149 Tex. 224, 230 S.W.2d 522 (1950). The reasonable value of those services may be established by evidence of the reasonable value of past medical treatment of a similar nature. *Thate v. Texas and Pacific Railway Co.*, 595 S.W.2d 591 (Tex.Civ.App.-Dallas 1980, no writ). There was testimony of the possibility of a capsulatomy but no testimony that such surgery would be reasonably probable. There is some evidence that in the future semi-annual check ups will be necessary which should cost $60 a year over the life expectancy of Appellee. The total probable cost of such semi-annual examinations plus the reasonable value of past medical treatment similar to that expected in the future is $6463. The jury finding on future medical expenses is excessive by $8537.

Appellee's burden is greater in proving loss of earnings than in proving diminished earning capacity. *Bailey v. Merrill*, 582 S.W.2d 489 (Tex.Civ.App.-Beaumont 1979, writ ref'd n. r. e.). Proof of loss

of earnings requires evidence of the plaintiff's actual earnings prior to his injury and his earnings or possible earnings following it. *Stoner v. Hudgins*, 568 S.W.2d 898 (Tex. Civ.App.-Ft. Worth 1978, writ ref'd n. r. e.). Appellee was in the hospital four nights following his injury and missed an additional two weeks of work. At the time of the accident Appellee was employed as a patrolman by the Fort Bend County Sheriff's department at approximately $860 a month. In addition, Appellee testified that he received an average of $100 per month for extra duty jobs prior to the accident. Following the accident Appellee was unable to work extra duty for approximately ten months. Sometime after his return to regular duty as a patrolman, Appellee left the Sheriff's Department and began working for the Jersey Village Police Department, earning about $1018 per month. He remained there approximately fifteen months. Thereafter he worked for Diamond Shamrock earning about $10.41 an hour which was presumably more than what he earned while employed by the City of Rosenberg. The finding of the jury that the lost earnings of Appellee were $6000 is excessive by $4240.

■ We find ample evidence to support the jury findings of impaired future earning capacity, past and future physical pain and mental anguish, and past and future physical impairment. Appellants' Points of Error numbers 4, 5, 6, 7, 8 and 9 are, therefore, overruled.

■ Appellants' second point of error, that there was no evidence to support the submission of the special issue on future medical expenses, is also overruled. As discussed previously, there was evidence that Appellee would require semi-annual examinations of his eyes for the remainder of his life, as well as followup lens care. There was also evidence of the reasonable value of such treatment. Considering only that evidence favorable to Appellee, we find more than a scintilla of evidence to support the submission of this special issue.

■ Having dealt with each element of damage individually, we find no need to consider the tenth point of error in detail. The judgment as a whole, as modified, is not excessive when the serious, permanent injury to the Appellee is considered. We note further that we are concerned with the final judgment entered by the court on June 24, 1980, rather than the second corrected judgment of which Appellants complain. Several judgments were entered by the trial court. The judgment dated June 24 makes a "judicial" change in the Second Corrected Judgment dated June 16. Therefore, even though the June 24 judgment does not expressly vacate the previous judgment of the court, it must be held to have such effect since it was signed while the court had jurisdiction in this cause. It is, therefore, the final judgment of the court. *Swanson v. Holt*, 126 Tex. 383, 87 S.W.2d 1090 (Tex.Comm.App.1935); *Federal Underwriters Exchange v. Bailey*, 175 S.W.2d 618 (Tex.Civ.App.-Dallas 1943, writ ref'd w. o. m.).

We calculate the proper amount of damages to be $96,446. Accordingly Appellee is given fifteen days from the date of this judgment to file a remittitur of $18,054. The respective liabilities of Appellants under the judgment as modified and affirmed shall be in the same proportion as their respective liabilities under the judgment of June 24. If Appellee should file the remittitur within that period the judgment of June 24 will be affirmed as modified; otherwise, the judgment will be reversed and the case remanded for new trial pursuant to Tex.R.Civ.P. 440.

## ON FILING OF REMITTITUR

On March 25, 1981, we stated by opinion that if Appellee Bernard S. Renken, Jr. would file a remittitur of $18,054 within fifteen days, the judgment of the trial court would be modified and affirmed as modified; and that otherwise the judgment of the trial court would be reversed and the cause remanded. An error was made in calculating the amount of the suggested remittitur. The actual amount of the re-

mittitur to be filed should have been $13,-054. Appellee has filed the suggested remittitur. The remittitur is accepted only to the extent of $13,054.

Accordingly, as of this date the judgment of the trial court is modified by deducting $13,054 from the judgment recovered by Appellee. The respective liabilities of Appellants under the judgment as modified shall be in the same proportion as their respective liabilities under the judgment of June 24. The judgment of the court below is affirmed as modified.