Robert BIGGS, Appellant,

v.

Robert L. GARRETT d/b/a Garrett
Building Centers, Appellee.

No. 7150.

Court of Appeals of Texas,
El Paso.

April 27, 1983.

Stephen L. Johnson, McCleskey, Harriger, Brazill & Graf, Lubbock, for appellant.

John L. Shepherd, James H. Densford, Seminole, for appellee.

STEPHEN F. PRESLAR, C.J., and WARD and SCHULTE, JJ.

## OPINION

WARD, Justice.

The Appellee, Robert L. Garrett, brought suit against the Appellant, Robert Biggs, for breach of contract arising from the Appellant's failure to pay in full an amount owed for remodeling of the Appellant's home. Trial was to the court, which entered judgment for Garrett in the amount of $4,498.37. Findings of fact and conclusions of law were requested and filed. As reformed, we affirm.

On April 24, 1979, the parties entered into a contract for remodeling of the Appellant's home after the Appellee and his employees had worked up an estimate of the costs involved. The contract stipulated that it was not a firm bid, that all billing would be based upon the expenses incurred in connection with the work done, together with a mark-up for overhead and profit, that any estimate given represented a rough figure only and that the Appellee in no way guaranteed its accuracy. The job was originally estimated to cost $19,325.00 which included $15,460.00 in labor, material and mileage and $3,865.00 in overhead and profit mark-ups. The final bill submitted by the Appellee was for $26,118.75. The Appellant paid $15,000.00, which left a balance according to the Appellee of $11,118.75.

After the work had commenced, but before it was fully completed, a dispute arose with respect to the quality of the workmanship and materials provided. On two separate occasions, the Appellant submitted to the Appellee handwritten lists detailing his complaints. After considering the complaints, the Appellee offered to repair the defects or reduce the bill by $2,122.00, leaving a balance of $8,996.75.

After the Appellant refused to make any further payment, the Appellee brought this suit to recover the unpaid balance of $8,996.75. The Appellant answered and filed a counterclaim alleging misrepresentation of the prices charged, breach of warranty and violation of the Texas Deceptive Trade Practices Act, and a claim for usurious interest arising from the retail materials account.

As stated, judgment was rendered that the Appellee recover from the Appellant the sum of $4,498.37, and relief was denied to the Appellant on his counterclaim. In its original findings of fact and conclusions of law, the court generally found that the parties had entered into a valid written contract on April 24, 1979, the work done was on a cost basis, and the price quoted by the Appellee to the Appellant was a rough estimate only and was not a binding or firm bid. The court further found that the Appellee had substantially completed his part of the contract, that he did not act in an unconscionable manner and did not take advantage of the Appellant in any way, that certain repairs done by the Appellee were not done in a workmanlike or satisfactory manner, and that the amount due the Appellee over and above the offset for the cost of correcting the unsatisfactory portion of the construction was $4,498.37.

Appellant by his first two points complains that the trial court erred in overruling his motion for an instructed verdict and in granting judgment for the Appellee because the evidence was both legally and factually insufficient to show that both the contract and the work were performed by Robert L. Garrett individually. The substance of the Appellant's complaint is that

as the contract was entered into by Garrett Building Centers, Inc., that any cause of action belonged solely to the corporation, Garrett Building Centers, Inc., and that Robert Garrett, individually, did not have the capacity to sue on the contract in question. Here, there was an absence of a sworn pleading which challenged the Appellee's right to sue in his individual capacity or that there was any defect of parties. Rule 93(c) and (e), Tex.R.Civ.P. The evidence reflects that Robert L. Garrett was the president and major stockholder of Garrett Building Center, Inc. Just how Robert Garrett, individually, acquired the cause of action is not shown. Regardless, the Appellant has waived any legitimate complaint, and Points of Error Nos. One and Two are overruled.

Appellant's third point of error complains that the trial court erred in failing to grant him judgment on his counterclaim for breach of implied warranties of merchantability and fitness as well as the express or implied warranty that the job would be completed in a good and workmanlike manner. The Appellant's position is untenable. In his brief, he argues that the acts complained of took place prior to the 1979 amendments to the Deceptive Trade Practices Act and that he is entitled to three times the amount of actual damages suffered by him. He then admits in his brief that it is impossible to ascertain the amount of actual damages found by the court which are entitled to be trebled so that he is not in a position to contend that the case should be reversed and rendered, but in the alternative would contend that the case should be reversed and remanded for a new trial. Although the court's finding that certain repairs done by the Appellee were not done in a workmanlike or satisfactory manner is not attacked by Appellee, no point or argument is presented by Appellant that any certain amount of damages regarding the existence of unworkmanlike construction or from breach of warranty was established as a matter of law. A dispute is presented by the evidence regarding the amount of damages resulting from the items which were

not constructed in a good and workmanlike manner, but no finding was made by the trial court regarding those amounts. Even in his request for additional findings of fact and conclusions of law, the Appellant made no request regarding any finding as to the amount of damages which he claimed to have sustained and established by the evidence. We have nothing to act on, and the point is overruled.

By his points of error four and five, the Appellant contends that there was no evidence and insufficient evidence to support the trial court's finding that the interest charged the Appellant on his retail materials account was charged as a result of accident, error or mistake. It was established that by June 25, 1979, the Appellant owed a debt on his materials account with the Appellee in the amount of $4,279.27. The statements regarding the materials account were sent to Appellant at regular intervals. They contain the following provision: "[a]ccounts unpaid on the 25th of the month will be charged 1½% per month (or a minimum of $1.00), WHICH IS AN ANNUAL RATE OF 18% APPLIED TO THE PREVIOUS MONTH'S BALANCE, without deducting current credits shown on this statement." The account showed that on July 24, 1979, a service charge of $63.78 was added to the balance. At the request of the Appellant, the trial court filed additional findings of fact which were to the effect that there was no agreement by the Appellant to pay interest on his retail materials account, that the Appellee did charge the Appellant interest on that account, that the interest charged Appellant was charged prior to January 1 of the year next after the charge for materials was made but that the interest charged the Appellant on the retail materials account was charged as a result of accident, honest error or mistake on the part of the Appellee. We note that the Appellee makes no challenge to any of these additional findings.

■ In considering the Appellant's legal insufficiency point regarding the finding that interest was charged as a result of accident, error or mistake, we will consider only the evidence and inferences arising therefrom which support the finding. The relevant evidence is meager. The Appellee testified that the statement sent to Mr. Biggs included the terms above described that 18% per annum interest would be applied to the previous month's unpaid balance; that it was the standard statement used by his company and sent to his customers; that the interest provisions were enforced on occasion; and if he felt the need to or chose to enforce the interest statement he would do so. He further testified that he did not tell the bookkeeper or anyone in charge of the account not to charge interest on Mr. Biggs' account. He offered no testimony that the bookkeeper had no authority to make the charges in question. We have searched the record for any evidence by Appellee that the charges made to the Appellant's account were made as a result of accident, honest error or mistake on his part. See: *Tyra v. Bob Carroll Construction Company,* 639 S.W.2d 690 (Tex. 1982). The fourth point is sustained. We have also considered all of the evidence and would sustain the factual sufficiency point number five, if that were necessary.

■ In *Houston Sash and Door Company, Inc. v. Heaner,* 577 S.W.2d 217 (Tex.1979), the court held that charging of interest on an open account during the interest-free period specified in Art. 5069–1.03 Tex.Rev. Civ.Stat.Ann., as the statute existed prior to the amendment on August 27, 1979, constituted interest in excess of double that allowed by Art. 5069–1.01, et seq., and thereby subjected the creditor to loss of principal, twice the interest charged, all other charges and the debtor's reasonable attorney's fees as provided by Art. 5069–1.- 06(2). Article 5069–1.03 was amended effective August 27, 1979, and the amendment makes no reference as to whether it would be retroactive to encompass accounts in existence prior to its effective date. We hold that the general rule applies that a transaction is to be tested for usury according to law in existence at the time of the transaction involved. *Southwestern Investment Company v. Hockley County Seed &*

*Delinting, Inc.,* 511 S.W.2d 724, 731 (Tex. Civ.App.—Amarillo 1974, writ ref'd n.r.e.), per curiam, 516 S.W.2d 136 (Tex.1974). See: "The Open Account in Texas in Light of Houston Sash," 10 St. Mary's L.J. 705, 708.

 Therefore, the Appellee, Garrett, became subject to the penalties prescribed by Art. 5069–1.06(2), i.e., twice the amount of interest charged ($63.78 × 2 = $127.56), and forfeiture of all principal as well as interest charged ($4,279.27 being the amount of the account as of June 25, 1979, + $63.78 = $4,343.05). There was no finding of reasonable attorney's fees. These amounts total $4,470.61. *Houston Sash and Door Company, Inc. v. Heaner,* supra; *Flato Electric Supply Co. v. Grant,* 620 S.W.2d 915 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.); *Hagar v. Williams,* 593 S.W.2d 783 (Tex.Civ.App.—Amarillo 1979, no writ); *Watson v. Cargill, Inc., Nutrena Division,* 573 S.W.2d 35 (Tex.Civ.App.—Waco 1978, writ ref'd n.r.e.).

The trial court awarded the Appellee judgment in the amount of $4,498.37. Deducting the penalty in the amount of $4,470.61 leaves a balance owing to the Appellee in the amount of $27.76. The judgment of the trial court is affirmed in the new amount as reformed.