Martin VAN VOORHIES, Individually
and d/b/a Martin Van Voorhies
Associates, Appellant,

v.

Alex HUDSON, Appellee.

No. A14–84–225–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 13, 1984.

Edward Trey Bergman, Fouts & Moore, Houston, for appellant.

Leonard Z. Finger, Finger, Burg, Cohen & Forlano, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

CANNON, Justice.

This is a suit on a sworn account. Appellant, Martin Van Voorhies, Individually and doing business as Martin Van Voorhies Associates brought suit in the trial court against appellee, Alex Hudson. Appellant sought recovery of money due and owing by reason of goods furnished and services rendered in the decorating of appellee's home.

Trial was to a jury. The jury answered four special issues in favor of appellant.

The trial court overruled appellant's motion for judgment on the verdict of the jury and granted appellee's motion for judgment non obstante veredicto. Appellant brings this appeal asserting that the trial court's granting of the Judgment NOV was error. We agree and reverse and render.

The record reflects the following facts. Martin Van Voorhies testified he is one of two stockholders and the president of Martin Van Voorhies Inc. He is an authorized agent of the corporation and works through the corporation. Also, the services performed for Alex Hudson were treated as a corporate matter and expenses incurred were corporate expenses. Furthermore, he seeks reimbursement for Martin Van Voorhies Associates for services rendered and goods furnished. The trial judge granted a Judgment NOV for appellee on the basis that Martin Van Voorhies Individually and doing business as Martin Van Voorhies Associates did not possess the claim or cause of action against Alex Hudson. But rather, the corporation, Martin Van Voorhies Associates Inc., of which Martin Van Voorhies was a stockholder and president, was the rightful owner of the claim. While this may or may not be true, it is not for us to decide. The appropriate time to contest a defect of parties or capacity of the appellant is before trial by way of a verified plea. Tex.R.Civ.P. 93(b), (c), (e) (Vernon 1979).[1]

The question of whether Alex Hudson contracted with Martin Van Voorhies Individually or Martin Van Voorhies Associates Inc. is not to be decided on appeal; rather the question before us is whether the trial court erred in granting the Judgment NOV absent a verified plea before trial. The record reflects appellee did not file a verified plea under Rule 93 before trial nor did appellee seek a trial amendment to challenge the alleged defect of parties or the capacity of the appellant. We find the failure to challenge the appellant's capacity or a defect of parties in the manner prescribed by Rule 93 results in a waiver on appeal.

In light of conflicting and often confusing case law on this issue, we find solace in the decision of the El Paso Court of Appeal. *Biggs v. Garrett*, 651 S.W.2d 342 (Tex.App.—El Paso 1983, no writ). The reasoning and logic of this court in applying Rule 93 appeals to our court.

*Biggs v. Garrett* is a case not unlike the case at bar. Robert L. Garrett d/b/a Garrett Building Centers brought suit against Robert Biggs for breach of contract arising from Biggs' failure to pay in full an amount owed for remodeling of Biggs' home. Trial was to the court and judgment was entered in favor of Garrett.

On appeal Biggs complained that the contract was entered into by Garrett Building Centers Inc. and that any cause of action belonged solely to the corporation and that Garrett individually did not have the capacity to sue on the contract in question. There was, as in the present case, an absence of a sworn pleading which challenged Garrett's right to sue in his individual capacity or that there was any defect of parties. Tex.R.Civ.P. 93. The evidence reflected, as here, that Garrett was the president and major stockholder of Garrett Building Centers Inc. The El Paso Court held regardless of how Garrett, Individually, acquired the cause of action, Biggs waived any legitimate complaint.

A party who desires to contest his opponent's lack of capacity to sue or a defect of parties must do so by a sworn pleading before the case is called to trial or such defect is waived. *See Bluebonnet Farms v. Gibraltar Savings Ass'n*, 618 S.W.2d 81 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *Kriegel v. Scott*, 439 S.W.2d 445 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ ref'd n.r.e.); *Sam Kane Beef Processors, Inc. v. Manning*, 601 S.W.2d 93 (Corpus Christi 1980, no writ).

Here, the appellee failed to file a sworn pleading challenging appellant's right to sue in his individual capacity or

1. This rule was later amended and became effective April 1, 1984.

that there was any defect of parties. Just how appellant acquired the cause of action is not before this Court. Regardless, appellee has waived any legitimate complaint. *Biggs v. Garrett*, 651 S.W.2d at 343.

Accordingly, we find the trial court erred in granting appellee's motion for judgment non obstante veredicto and reverse. The jury's verdict is reinstated and judgment entered for appellant.