**James H. QUARLES, Appellant,**

v.

**CHAMPION INTERNATIONAL CORPORATION, Appellee.**

**No. 09–88–219 CV.**

Court of Appeals of Texas, Beaumont.

Nov. 3, 1988.

Rehearing Denied Nov. 11, 1988.

Michael L. Brown, Houston, for appellant.

John C. Hardy, Hardy & Atherton, Karen G. Hughes, Hardy & Atherton, Tyler, for appellee.

## OPINION

DIES, Chief Justice.

In cause number 11,053 in Polk County, Texas, July 1987, Champion International Corporation ("Champion") sought a determination that a 1978 judgment in cause number 8729 entered by the same court did not determine any interest of James H. Quarles in certain real estate as against Champion. In cause number 8729, on October 7, 1977, Quarles had instituted a suit for declaratory relief that he, Quarles, had title to various real properties recited in a petition in cause number 8571 (in the same court), styled *Howell, et al. v. Quarles*.[1] In June of 1978, the court gave Quarles the relief he sought in cause number 8729. In neither case was Champion named as a party or served with citation. Following the institution of this action, cause number 11,053, Champion filed a motion for summary judgment, which the court granted and from which James H. Quarles has perfected appeal to this court. The parties will be referred to herein as "Champion" and "Quarles."

Quarles' first point of error is that "James H. Quarles is not a proper party to this suit." The argument advanced by Quarles is that cause number 8729 is styled *James H. Quarles Trust v. Walter E. Howell Estate, et al.*, and that no averment has been made that the instant suit or the final judgment complained of is against Quarles in any fiduciary capacity. On June 15, 1987, however, Quarles obtained a writ of possession in his *individual* capacity, seeking to be placed in possession of the property described in the 1978 judgment in cause number 8729. At any rate, under *TEX.R. CIV.P. 93*, an allegation that the defendant is not liable in the capacity in which he is sued or that there is a defect of parties is required to be pled and verified, which Quarles has failed to do. *McCoy v. Nelson Util. Serv., Inc.*, 736 S.W.2d 160, 165 (Tex. App.—Tyler 1987, writ ref'd n.r.e.); *Van Voorhies v. Hudson*, 683 S.W.2d 809, 810 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.); *Sunbelt Constr. Corp. Inc. v. S & D Mechanical Contractors, Inc.*, 668 S.W.2d 415, 418 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). This point of error is overruled.

Quarles' point of error number two states: "The trial court erred in overruling Quarles' motion for further continuance." Under this point of error, Quarles recites several problems his attorneys had and difficulties he experienced in obtaining representation, none of which is contained in the record. As a result, we cannot consider these allegations. The granting of a continuance rests within the sound discretion of the trial judge and will not be reversed unless there has been an abuse of discretion. Our record shows no such abuse. *Jones v. John's Community Hosp.*, 624 S.W.2d 330, 332 (Tex.App.—Waco 1981, no writ); *Garcia v. Texas Employers' Ins. Ass'n*, 622 S.W.2d 626, 630 (Tex.App.—Amarillo 1981, writ ref'd n.r.e.); *Whitley v. King*, 581 S.W.2d 541, 543 (Tex.Civ.App.—

---

1. The deeds listed by Howell were cancelled in the 1977 judgment in cause number 8571 as being a cloud on Howell's title. This is the same property claimed by Champion in the instant case.

Fort Worth 1979, no writ). This point of error is overruled.

■ Quarles' final point of error states: "The trial court erred in awarding summary judgment to Champion." His first argument is that there are genuine issues of fact involved. We disagree. The only summary judgment proof in our record was filed by Champion. This proof shows that Champion had no knowledge of the suits brought by Quarles in cause number 8571 and cause number 8729 until after judgment was entered. Champion was not served in cause number 8571 or cause number 8729 and did not participate in either lawsuit. *Texas Soap Mfg. Corp. v. McQueary*, 172 S.W.2d 177 (Tex.Civ.App.— El Paso 1943, no writ); *see also Mostyn v. Griffith*, 130 S.W.2d 906 (Tex.Civ.App.— Beaumont 1939, writ dism'd).

■ Quarles alleges that Champion should be bound by the prior judgment in cause number 8729 for the reason that Quarles made service by publication on all unknown owners of the land involved. The record contains an affidavit of attorney James Cornelius that during the pendency of cause number 8729, Cornelius informed Quarles that Champion claimed the land and should be made a party. Therefore, service of citation by publication to Champion was not proper. *TEX.R.CIV.P. 112 and 113.* And this notice requirement to a known party is of due process dimension. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Schroeder v. City of New York*, 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (1962). This point of error is overruled.

The judgment of the trial court is affirmed.

AFFIRMED.