Mike **MARINO** and Nina
Marino, Appellants,

v.

Althea **HARTSFIELD**, Appellee.

No. 09–92–136 CV.

Court of Appeals of Texas,
Beaumont.

Jan. 21, 1993.

Rehearing Denied March 25, 1993.

**836**

Ronald A. Bass, Dale Carrington, Jonette Anderson, Houston, for appellants.

Brian Reade, Reade, Harder & Ralston, Randy Bays, Reade & Harder, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

This suit was brought by appellants in an attempt to recover a security deposit held by appellee, Althea Hartsfield. Appellee is the owner of a home that was leased to Mike Marino and Nina Marino, appellants. Althea Hartsfield filed a counterclaim against appellants to recoup damages she sustained in excess of the amount of the security deposit. The case was tried to a jury in the 284th Judicial District Court in and for Montgomery County, Texas. On January 15, 1992, the jury returned a verdict awarding Althea Hartsfield's attorney's fees in the sum of $6,000.00 and damages in excess of the amount of the security deposit in the sum of $25.00. Appellants filed a motion for judgment non obstante verdicto which was overruled on February 17, 1992, the date the Court entered judgment based on the verdict. On March 16, 1992, appellants filed a motion for new trial which was overruled by operation of law on May 4, 1992.

■ On June 11, 1992, appellants filed a Motion for Extension of Time to file statement of facts and transcript, which was granted by this Court. Appellants based their motion on the following representations:

> The Court Reporter transcribing the statement of facts in this cause is unable to complete it in the time prescribed, due to recent receipt of the tapes and logs. The Court Reporter has not had enough time to transcribe the estimated two hundred (200) pages of the statement of facts. Further, the Court Reporter for the 284th Judicial District Court of Montgomery County, Texas, needs an extension of time due to her busy schedule.

Rule 54(a) provides in part that, "The Court has authority to consider all timely filed transcripts and statements of facts, but shall have no authority to consider a late filed transcript or statement of facts, except as permitted by this rule." Rule 54(c) allows that, "An extension of time may be granted for late filing in a court of appeals of a transcript or statement of facts, if a motion reasonably explaining the need therefor is filed by appellant with the court of appeals not later than fifteen days after the last date for filing the record. Such motion shall also reasonably explain any delay in the request required by Rule 53(a)."

The term "reasonably explaining" has been interpreted to mean "any plausible statement of circumstances indicating that failure to file ... was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex.1977).

This proceeding was recorded pursuant to rules for Montgomery County, Texas, for making a record of court proceedings by electronic recording, approved by our Texas Supreme Court, effective the 6th day of November 1990. The rules for electronic recording of court proceedings in Montgomery County, Texas, provides that the Court Recorder shall make no stenographic record of the matter on trial. The Court Recorder, among other duties set forth by rules, makes and keeps a detailed legible log of all proceedings. Unlike those requirements for the Court Reporter set forth in TEX.R.APP.P. 53, Montgomery County Electronic Recording Rules make no requirement of the official Court Recorder to transcribe any portion of the taped proceeding.

On appeal, the statement of facts consists of, (1) standard cassette recordings certified by the Court Recorder to be clear and accurate copies, (2) a copy of the typewritten and original logs, and, (3) all exhibits arranged in numerical order. These rules supersede the time limits set forth in TEX.R.APP.P. 53 and 54. Montgomery County Rule 4 requires that, "The Court Recorder shall file the statement of facts with the court of appeals within fifteen days of the perfection of an appeal or writ of error. No other filing deadlines as set out in the Texas Rules of Appellate Procedure are changed."

It has come to the attention of this Court that the representation made by appellants in their Motion for Extension of Time that "the Court Reporter for the 284th Judicial District Court of Montgomery County, Texas, needs an extension of time due to her busy schedule" does not correspond to facts sworn to by Martha McDonald, Designated Court Reporter for the 284th District Court of Montgomery County, Texas. We set forth the affidavit executed by Ms. McDonald on the 8th day of July 1992:

On this day personally appeared Martha McDonald, who upon her oath deposed and stated:

My name is Martha McDonald. I am over the age of eighteen years, have not been convicted of any crime and am fully competent to make this affidavit. I am the Designated Court Reporter for the 284th District Court of Montgomery County, Texas. On June 10, 1992, I received a letter from Ronald Bass which contained a Notice of Appeal for cause number 90–01–00192–CV. The letter from Ronald Bass is attached to this affidavit. Upon receiving this Notice of Appeal, I prepared the statement of facts which were [sic] then sent to Shirley Forrest, Clerk of the Ninth Court of Appeals on June 22, 1992. The letter from Ronald Bass that I received on June 10, 1992 was the first notice given me that this case was being appealed. Had Mike Marino, Nina Marino or their attorney requested me to prepare the statement of facts earlier, I would have been able to comply with their request within fifteen days.

/s/ Martha McDonald
Martha McDonald

Subscribed and sworn to before me on this 8th day of July, 1992.

/s/ Ginger Perry
Notary Public, State of Texas
Printed Name: Ginger Perry
My Commission Expires 3–19–94

In view of Ms. McDonald's affidavit, it was not the fault of the Court Reporter that the statement of facts was not prepared timely.

It is now clear to this Court that appellants' Motion For Extension of Time alleging problems besetting the Court Reporter was not correct and did not explain appellants' failure to timely request action by the Court Reporter.

While appellants promised the Court in their Motion to Extend Time to supply the Court Reporter's affidavit, the affidavit was not filed until July 16, 1992, more than 30 days after the filing of the motion. It was not executed by the Court Reporter for the 284th Judicial District Court of

Montgomery County, Texas, but instead by one Kathy McKinney a transcriptionist employed by AVRS, Inc.

■ We withdraw the Order granting appellants' Motion to Extend Time to file statement of facts as having been improvidently granted, and we disregard the statement of facts filed by the appellants for not having been timely filed. TEX.R.APP.P. 54. The appeal cannot be dismissed because the transcript has been timely filed. *Best Real Estate, Inc. v. Investors Intern., Inc.,* 691 S.W.2d 751 (Tex.App.—El Paso 1985, no writ).

■ The consequences of reviewing this cause in the absence of a statement of facts limits the Court to complaints concerning errors of law, erroneous pleadings, an erroneous charge, irreconcilable conflicts in the jury findings and fundamental error. *See Archer v. Wood,* 771 S.W.2d 631, 632 (Tex.App.—Dallas 1989, no writ). Appellant has presented eight points of error in his brief and with the exception of the third point of error each one is based on either sufficiency of the evidence or the jury's answer being so contrary to the overwhelming weight and preponderance of the evidence as to be manifestly unfair. In the absence of a statement of facts these points of error must be overruled. *Otis Elevator Co. v. Parmelee,* 817 S.W.2d 731 (Tex.App.—Houston [1st Dist.] 1991, no writ). Appellants third point of error alleges an irreconcilable conflict in the jury answers to issues No. 1 and 3.

■ Question 1, answered affirmatively, inquired if appellee failed to refund the security deposit to the appellants or to provide an itemization of deductions within thirty days after appellants surrendered possession of the premises. Question 3, answered negatively by the jury, inquired of damages for wrongfully withholding the security deposit. Although the wording of special issue No. 1 is a bit confusing due to its disjunctive submission, any error in the wording was waived by appellants. *Castleberry v. Branscum,* 721 S.W.2d 270, 276 (Tex.1986). To support the judgment, the trial court is deemed to have found that appellee supplied the written itemization within thirty days of surrender of the premises. TEX.R.CIV.P. 279. The finding that appellee did not return the deposit within thirty days only raises a presumption of bad faith. TEX.PROP.CODE ANN. § 92.109(d) (Vernon 1984). Since the jury found in special issue No. 2 that appellee did not act in bad faith and in No. 3 that appellants were entitled to no damages, the issues are reconciled and appellee is still entitled to judgment.

Appellee's counterpoint of error one requesting this Court not to consider the statement of facts from the trial court below due to appellants' failure to comply with Texas Rules of Appellate Procedure is sustained.

Appellants points of error are overruled and the judgment of the trial court is affirmed.

AFFIRMED.