Womack v. Cross 




TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00082-CV






James Womack, Appellant



v.



Marcia A. Cross, Appellee







FROM THE COUNTY COURT AT LAW OF TOM GREEN COUNTY


NO. 94C105-L, HONORABLE R.L. BLANN, JUDGE PRESIDING







 Appellant James Womack appeals from a judgment of the trial court, finding him
jointly and severally liable with co-defendant Richard Livensparger for $5,837.00. Appellant
contends that the trial court erred by: (1) allowing the corporate veil to be pierced without a
showing of actual fraud by the appellee and (2) not joining a necessary and proper party to the
action. We will affirm the judgment.



BACKGROUND


 Appellee Marcia Cross agreed to loan Richard Livensparger five thousand dollars
($5,000) for the operations of an establishment called Texas the Club ("the Club"). Livensparger
manages the Club. Womack is President of the Club and of Concho Finance, Inc. ("Concho"),
the corporate owner of the Club. Livensparger defaulted on the loan, and Cross filed suit against
Livensparger and Womack individually for payment.



DISCUSSION


 Womack argues in his first point of error that Cross must show actual fraud to
pierce the corporate veil. Womack claims that Livensparger acquired the loan for the operations
of the Club, and that Concho, as the owner of the Club, should be responsible for repayment of
the debt. For Cross to recover against Womack, an officer of the corporation, she must prove
that he used the corporation to perpetrate fraud for personal benefit. In a suit based on a contract,
if there is no showing of fraud for personal benefit, then the corporate veil cannot be pierced. 
Tex. Bus. Corp. Act Ann. art. 2.21(A)(2) (West Supp. 1995).

 The trial court did not file findings of fact or conclusions of law. Further, Womack
has not provided a statement of facts of the trial court hearing. We are unable to review the trial
court's implied findings in support of judgment when the record is incomplete. The burden is on
the appellant to show that the judgment is in error. Christiansen v. Prezelski, 782 S.W.2d 842,
843 (Tex. 1990); Murray v. Devco, 731 S.W.2d 555,557 (Tex. 1987). Generally, in the absence
of a statement of facts, the appellate court presumes that sufficient evidence was introduced to
support the judgment of the trial court. Murray, 731 S.W.2d at 557. Accordingly, we must
presume that the trial court had sufficient evidence to support its decision in this case. We
overrule appellant's first point of error.

 In the absence of a statement of facts, this Court is limited to "complaints
concerning errors of law, erroneous pleadings, an erroneous charge, irreconcilable conflicts in
the jury findings and fundamental error." Marino v. Hartsfield, 849 S.W.2d 835, 838 (Tex.
App.--Beaumont 1993), rev'd on other grounds, 868 S.W.2d 336 (Tex. 1994); accord. Office of
Pub. Util. Counsel v. Public Util. Comm'n, 878 S.W.2d 598, 600 (Tex. 1994). In his second
point of error, Womack argues that the trial court made an error of law when a necessary and
proper corporate party, Concho, was not joined as a defendant pursuant to Texas Rule of Civil
Procedure 39. The corporation was never made a party to this action. One who complains of a
defect in parties must raise the matter in the trial court by verified pleading. Tex. R. Civ. P.
93(4) (Supp. 1992). Otherwise the issue is waived. Van Voorhies v. Hudson, 683 S.W.2d 809,
810 (Tex. App.--Houston [14th Dist.] 1984, writ ref'd n.r.e.); see also Weaver v. AIDS Servs. of
Austin, 835 S.W.2d 798, 803 (Tex. App.--Austin 1992, writ denied). Although Womack alleged
a defect in parties in his amended answer, he did not do so by verified pleading and, therefore,
cannot raise this complaint on appeal. See Nine Greenway Ltd., v. Heard, 875 S.W.2d 784, 787
(Tex. App.--Houston [1st Dist.] 1994, writ denied). We overrule appellant's second point of
error.



CONCLUSION

 Having overruled both of appellant's points of error, we affirm the trial court's
judgment.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: October 11, 1995

Do Not Publish



RT AT LAW OF TOM GREEN COUNTY


NO. 94C105-L, HONORABLE R.L. BLANN, JUDGE PRESIDING







 Appellant James Womack appeals from a judgment of the trial court, finding him
jointly and severally liable with co-defendant Richard Livensparger for $5,837.00. Appellant
contends that the trial court erred by: (1) allowing the corporate veil to be pierced without a
showing of actual fraud by the appellee and (2) not joining a necessary and proper party to the
action. We will affirm the judgment.



BACKGROUND


 Appellee Marcia Cross agreed to loan Richard Livensparger five thousand dollars
($5,000) for the operations of an establishment called Texas the Club ("the Club"). Livensparger
manages the Club. Womack is President of the Club and of Concho Finance, Inc. ("Concho"),
the corporate owner of the Club. Livensparger defaulted on the loan, and Cross filed suit against
Livensparger and Womack individually for payment.



DISCUSSION


 Womack argues in his first point of error that Cross must show actual fraud to
pierce the corporate veil. Womack claims that Livensparger acquired the loan for the operations
of the Club, and that Concho, as the owner of the Club, should be responsible for repayment of
the debt. For Cross to recover against Womack, an officer of the corporation, she must prove
that he used the corporation to perpetrate fraud for personal benefit. In a suit based on a contract,
if there is no showing of fraud for personal benefit, then the corporate veil cannot be pierced. 
Tex. Bus. Corp. Act Ann. art. 2.21(A)(2) (West Supp. 1995).

 The trial court did not file findings of fact or conclusions of law. Further, Womack
has not provided a statement of facts of the trial court hearing. We are unable to review the trial
court's implied findings in support of judgment when the record is incomplete. The burden is on
the appellant to show that the judgment is in error. Christiansen v. Prezelski, 782 S.W.2d 842,
843 (Tex. 1990); Murray v. Devco, 731 S.W.2d 555,557 (Tex. 1987). Generally, in the absence
of a statement of facts, the appellate court presumes that sufficient evidence was introduced to
support the judgment of the trial court. Murray, 731 S.W.2d at 557. Accordingly, we must
presume that the trial court had sufficient evidence to support its decision in this case. We
overrule appellant's first point of error.

 In the absence of a statement of facts, this Court is limited to "complaints
concerning errors of law, erroneous pleadings, an erroneous charge, irreconcilable conflicts in
the jury findings and fundamental error." Marino v. Hartsfield, 849 S.W.2d 835, 838 (Tex.
App.--Beaumont 1993), rev'd on other grounds, 868 S.W.2d 336 (Tex. 1994); accord. Office of
Pub. Util. Counsel v. Public Util. Comm'n, 878 S.W.2d 598, 600 (Tex. 1994). In his second
point of error, Womack argues that the trial court made an error of law when a necessary and
proper corporate party, Concho, was not joined as a defendant pursuant to Texas Rule of Civil
Procedure 39. The corporation was never made a party to this action. One who complains of a
defect in parties must raise the matter in the trial court by verified pleading. Tex. R. Civ. P