IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40185
Summary Calendar
_____

LINDA SARTIN,

Plaintiff-Appellee,

versus

WAL-MART STORES, INC.; ET AL.,

Defendants,

WAL-MART STORES, INC.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:98-CV-1501

_____

January 10, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

In 1997, Linda Sartin was suffering from worsening health, including back problems. On a trip to a local Wal-Mart on November 28, 1997, she slipped on a table that a Wal-Mart employee was disassembling on the floor. Sartin asserts that she was injured in this incident. She sued Wal-Mart and won a judgment of $120,700. The defendants appeal the judgment, making three arguments.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In this case, based on diversity jurisdiction, Wal-Mart begins by arguing that there was insufficient evidence to present two damages issues to the jury. The first is the claim for future medical expenses. In evaluating the sufficiency of the evidence, we view all evidence and reasonable inferences in favor of Sartin. Baltazor v. Holmes, 162 F.3d 368, 373 (5th Cir. 1998). Only when the facts and the reasonable inferences are such that a reasonable juror could find in favor of Wal-Mart will we hold that there was an insufficient evidentiary basis. Id.

In order to recover for future medical expenses under Texas law, the plaintiff must show that there is a reasonable probability of incurring such medical expenses in the future. See Fisher v. Coastal Transp. Co., 230 S.W.2d 522, 523 (Tex. 1950); Fibreboard Corp. v. Pool, 813 S.W.2d 658, 681 (Tex.App. Texarkana 1991); City of Rosenberg v. Renken, 616 S.W.2d 292, 293 (Tex.App. Houston 1981). The reasonable value of future medical care may be established by evidence of the reasonable value of past medical treatment. See Harvey v. Culpepper, 801 S.W.2d 596, 599 (Tex.App. Corpus Christi 1990); Renken, 616 S.W.2d at 293; Thate v. Texas & Pac. Ry. Co., 595 S.W.2d 591, 601 (Tex.App. Dallas 1980). In this case, Sartin proved a reasonable probability of future x-rays, MRIs and CAT scans and presented evidence of the cost of these procedures in the past. For these reasons, the issue of future medical expenses was properly before the jury.

Second, Wal-Mart argues that the evidence is insufficient to support damages for future pain and mental anguish. Matters of pain and suffering are necessarily speculative, and it is within the particular province of the jury reasonably to set the amount of such damages. Hicks v. Ricardo, 834 S.W.2d 587, 591 (Tex.App. Houston 1992). Awards for mental anguish survive sufficiency of the evidence challenge when the plaintiff introduces direct evidence of the nature, duration, and severity of the anguish, thereby establishing a substantial disruption in the plaintiff's daily routine. Parkway Co. v. Woodruff, 901 S.W.2d 434, 444 (Tex. 1994). Mental anguish may be inferred from injuries accompanied by physical pain proximately caused by the defendant. Brookshire Brothers, Inc. v. Wagnon, 979 S.W.2d 343, 353 (Tex.App. Tyler 1998). In this case, Sartin presented her own and her husband's testimony about continuing physical pain. Dr. Cooper testified that the Wal-Mart injury was at least partly to blame for this pain. This damage issue was also, therefore, properly before the jury.

## II

Wal-Mart's second major argument attacks the district court's decision to exclude a videotape. This video was taken just over a week before trial, on November 28, 1998. It showed Sartin working in her garden without visible discomfort. At trial, however, she testified to an inability to bend over and lift anything without severe pain.

3

Though it is not clear when defense counsel obtained notification or a copy of the videotape, counsel faxed Sartin's lawyer notification of the videotape's existence on Friday, December 4, at 5:21 p.m., and sent a copy of the videotape for Saturday delivery to Sartin's lawyer's office. That office was closed on Saturday. Trial began on Monday, December 7. A copy of the videotape did not arrive at Sartin's lawyer's office until about 2:00 p.m. that afternoon, and the plaintiff rested at 3:00 p.m.

For these reasons, the plaintiff's counsel filed a motion to strike the videotape for untimeliness and for a failure to provide the name of the witness who would present it. The district court, however, inexplicably excluded the videotape as a "surveillance deposition" for failure to follow the rules and regulations with respect to depositions.

Though the district court's reason for the exclusion was erroneous, we will not disturb the district court's improperly reasoned decision if there are alternative meritorious grounds for that judgment. SEC v. Chenery Corp., 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626 (1943); Metallurgical Industries, Inc. v. Fourtek, Inc., 790 F.2d 1195, 1206 (5th Cir. 1986). The proper grounds for excluding this evidence was its untimeliness. Wal-Mart has not presented any justification for the tardy disclosure to defense counsel. Nor do the affidavits on this subject explain the

4

delay between the surveillance and disclosure. Thus, the evidence was properly excluded.

Wal-Mart contends that the district court was biased because, while denying it the use of its videotape, the court allowed Sartin to use undisclosed audio tape recordings of an interview between Sartin's lawyer and a defense witness to impeach the witness. Under Chiasson v. Zapata Gulf Marine Corp., 988 F.2d 513, 517 (5th Cir. 1993), however, these two recordings are distinguishable. Chiasson held that videotapes similar to Wal-Mart's had value as substantive evidence as well as for impeachment. Wal-Mart's videotape does as well. It is probative as to actual harm to Sartin and the effect on her quality of life as a result of her slip and fall. The tape recordings by Sartin's lawyer, however, had no substantive value: the impeaching statement concerned the clarity of the witness's memory, not the specific events surrounding the accident. Thus, since the audio tapes were solely for impeachment, they did not need to be disclosed.

### III

Wal-Mart's last argument is meritless. The company asserts that Texas law prohibits courts from informing juries of the consequences of their factual findings, and that the jury charge mentioning that a finding of contributory negligence would reduce the award to the plaintiffs was, in this diversity case, reversible error. But it is well established that while state law governs the substance of the jury instructions, the manner of giving

5

instructions is controlled by federal law.  <u>Martin v. Texaco</u>, 726 F.2d 207, 216 (5th Cir. 1984).  Unlike the Texas courts, federal courts are free to tell juries the effects of their answers.  <u>Id.</u> Thus, the instruction in this case was not in error.

IV

For the reasons stated herein, the verdict is

A F F I R M E D.