**DEVCO, LTD., Appellant,**

v.

**Margaret Young MURRAY et al., Appellees.**

**No. 11–85–239–CV.**

Court of Appeals of Texas, Eastland.

Feb. 27, 1986.

Rehearing Denied March 20, 1986.

---

Joe E. Shumate, Henderson, for appellant.

James N. Phenix, Phenix & Phenix, P.C., Henderson, for appellees.

## OPINION

DICKENSON, Justice.

This condemnation case [1] involves four separate proceedings which were consolidated for trial. The principal issue is whether the condemnor should have been permitted to dismiss two of the proceedings when it discovered that there was an error in the metes and bounds description of the gas pipeline easements.

### Background Facts

The landowners [2] own two tracts of land which are involved in these four proceedings. The condemnor [3] owns an oil and gas lease which covers both tracts. The lease allows gas gathering lines for production from the gas unit into which the two tracts have been unitized. After the gas gathering lines had been built, Devco's predecessor decided to transport gas from other production in the field. The decision to transport "off unit" gas caused these condemnation proceedings. On November 9, 1981, the first two condemnation proceedings were filed: No. 81–749 and No. 81–750. When it was discovered that the surveyor's metes and bounds description was incorrect and that the gas lines were not located on the easements described in the first two proceedings, the second proceedings were filed on August 23, 1982, being: No. 82–544 and No. 82–545.

The trial court overruled condemnor's motion to dismiss the first two proceedings on February 7, 1983. The four trial court proceedings were consolidated on April 30, 1984. The case was tried by jury, and judgment was rendered on the jury's verdict on June 20, 1984, awarding the landowners a recovery for all four of the proceedings. The condemnor appeals. We affirm the trial court's judgment as to the proceedings originally filed as No. 82–544 and No. 82–545; we reverse the trial court's judgment as to the proceedings originally filed as No. 81–749 and No. 81–750, remanding those causes with instructions to dismiss those proceedings after a hearing in compliance with TEX.PROP. CODE ANN. section 21.019 (Vernon 1984).

### Verdict of the Jury

1A. The cash market value of the .39-acre strip (out of the 95-acre tract) on November 9, 1981, before the taking was $1500 per acre;

1B. After the taking, $100 per acre;

1C. The remainder of the 95-acre tract had a cash market value of $1200 per acre on November 9, 1981, before the taking; and

1D. After the taking, $1150 per acre.

2A. The cash market value of the .65-acre strip (out of the 45-acre tract) on November 9, 1981, before the taking was $2500 per acre;

2B. After the taking, $100 per acre;

2C. The remainder of the 45-acre tract had a cash market value of $1400 per acre on November 9, 1981, before the taking; and

1. This appeal was transferred from the Tyler Court of Appeals to this Court on September 18, 1985. See TEX. GOV'T CODE ANN. sec. 73.001 (Vernon Pamph. 1986).

2. The landowners are Margaret Young Murray, Mary Effie Smith, Curtis Robert Smith, Ross Menefee Smith, James Robert Smith, Mary Katherine Gray, Effie Gladney Downs, Helen Sue Griffin, Malcolm Graham Young, James Kinsey Young and Jack Emerson Young. All of

the landowners are grandchildren of Dr. A.O. Menefee, and they inherited their interests in the property involved in these proceedings.

3. The first two proceedings were filed by Advance Transport, Inc. Devco, Ltd. is the successor in interest of Advance Transport, Inc. The second two proceedings were filed by Devco, Ltd.

2D. After the taking, $1350 per acre.

3A. The cash market value of the .44-acre strip (out of the 45-acre tract) on August 23, 1982, before the taking was $2500 per acre;

3B. After the taking, $100 per acre;

3C. The remainder of the 45-acre tract had a cash market value of $1400 per acre on August 23, 1982, before the taking; and

3D. After the taking, $1300 per acre.

4A. The cash market value of the .59-acre strip (out of the 95-acre tract) on August 23, 1982, before the taking was $2000 per acre;

4B. After the taking, $100 per acre;

4C. The remainder of the 95-acre tract had a cash market value of $1200 per acre on August 23, 1982, before the taking; and

4D. After the taking, $1150 per acre.

### Judgment of the District Court

No. 81–749 (issues 2A, 2B, 2C and 2D). The landowners were awarded $4,006.65, which is the total of: (a) $977.50 damages in addition to the Commissioners' Award of $2,800.00; (b) $229.15 interest in the amount of 9% per annum from November 9, 1981, to date of judgment on the $977.50; and (c) $2,800.00 which had been deposited in the registry of the court.

No. 81–750 (issues 1A, 1B, 1C and 1D). The landowners were awarded $6,161.79, which is the total of: (a) $3,776.50 damages in addition to the Commissioners' Award of $1,500.00; (b) $885.29 interest in the amount of 9% per annum from November 9, 1981, to date of judgment on $3,776.50; and $1,500.00 which had been deposited in the registry of the court.

No. 82–544 (issues 4A, 4B, 4C and 4D). The landowners were awarded $7,210.87, which is the total of: (a) $5,841.50 damages and (b) $1,369.37 interest at 9% per annum from August 23, 1982, to date of judgment.

No. 82–545 (issues 3A, 3B, 3C and 3D). The landowners were awarded $6,804.13, which is the total of: (a) $5,512.00 damages and (b) $1,292.13 interest at 9% per annum from date of taking to date of judgment.

■ Appellant has briefed six points of error. First, appellant argues that the trial court erred in overruling its motion to dismiss Cause No. 81–749 and Cause No. 81–750. We sustain this point. The Texas Property Code which became effective on January 1, 1984, prior to the trial of this consolidated lawsuit, was enacted as "a nonsubstantive revision of the statutes relating to property." See Acts 1983, 68th Leg., ch. 576, p. 3475. Section 21.019, supra, expressly states:

(a) A party that files a condemnation petition may move to dismiss the proceedings, and the court shall conduct a hearing on the motion. However, after the special commissioners have made an award, *in an effort to obtain a lower award a condemnor may not dismiss the condemnation proceedings merely to institute new proceedings that involve substantially the same condemnation against the same property owner.* (Emphasis added)

(b) A court that hears a motion to dismiss a condemnation proceeding shall make an allowance to the property owner for reasonable and necessary fees for attorneys, appraisers, and photographers and for the other expenses incurred by the property owner to the date of the hearing.

In the trial court, the landowners opposed the dismissal of the two 1981 proceedings on the basis that the 1982 proceedings "involve substantially the same condemnation against the same property owner." On appeal, the landowners argue that there is no double recovery of damages. These are inconsistent positions. The record clearly shows: (1) the 1982 proceedings do not involve "substantially the same" property; and (2) the second proceedings were not instituted in an effort to secure lower awards. The trial court erred in refusing to allow a dismissal of the 1981 proceedings which contained the erroneous metes

and bounds description. The judgment of the trial court is reversed as to the 1981 proceedings, and those causes are remanded for dismissal after a hearing in which landowners shall be allowed an opportunity to prove their "reasonable and necessary fees for attorneys, appraisers, and photographers and for the other expenses incurred by the property owner(s)" in connection with the 1981 proceedings. The trial court should give condemnor credit for the funds deposited into the registry of the court, and the trial court should not allow a recovery for any expenses relating to the 1982 proceedings. The penalty provision of TEX.PROP.CODE ANN. sec. 21.020 (Vernon 1984) is not applicable in view of our holding that the 1982 petitions did not condemn substantially the same property as the 1981 proceedings and were not instituted in an effort to secure lower awards.

The second point of error, in which appellant argues the "double recovery of damages," becomes moot in view of our holding on point one. Therefore, point two is overruled.

Point three is not properly briefed, and it is overruled. See TEX.R.CIV.P. 414(e).

Point four deals with appellant's argument that the trial court erred in failing to admit excerpts of the deposition testimony of some of the landowners who did not attend the trial. We have read each of the excerpts, and we hold that any error in this regard was not reasonably calculated to cause the rendition of an improper judgment within the meaning of TEX.R.CIV.P. 434. The excerpts would not in all likelihood have had any effect upon the jury's verdict. They merely show that the nonresident landowners were not familiar with the damages and that they relied upon their relative who managed the property and who did testify.

Point five, dealing with prejudgment interest, is overruled. See *Trinity River Authority of Texas v. Sealy & Smith Foundation*, 435 S.W.2d 864 (Tex.Civ.App. —Beaumont 1968, writ ref'd), which holds that a prayer for general relief, in the absence of a special exception, is sufficient to support the trial court's award of interest.

In their final point of error, appellants argue that the findings of the jury on issues 1A through 3D were against the great weight and preponderance of the evidence. This point is multifarious, and issues 1A through 2D become moot in view of our holding on point one. We hold that there is evidence which is both legally and factually sufficient to support the jury's answers to issues 3A, 3B, 3C and 3D. Several real estate experts testified that the land was suited for rural subdivision purposes and that the high pressure natural gas pipeline would reduce its market value. See *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). Consequently, this point of error is overruled. It was within the province of the jury to judge the credibility of these witnesses and the weight to be given to their testimony.

The judgment of the trial court is affirmed insofar as it involves the condemnation proceedings originally filed as No. 82–544 and No. 82–545, and the judgment of the trial court is reversed insofar as it involves the condemnation proceedings originally filed as No. 81–749 and No. 81–750. Those causes are remanded to the trial court.