Margaret Young MURRAY, et al.

v.

DEVCO, LTD.

No. C–5278.

Supreme Court of Texas.

April 29, 1987.

Rehearing Denied July 15, 1987.

James N. Phenix, Phenix and Phenix, P.C., Henderson, for petitioners.

Joe E. Shumate, Henderson, for respondent.

## OPINION

GONZALEZ, Justice.

This is a condemnation suit. Devco originally filed two condemnation suits to acquire an easement for a pipeline through two contiguous tracts of land owned by Murray and others. Devco later discovered that not all of the gas line was located on the described easements. Devco filed two more suits with the correct legal descriptions and moved to dismiss the first set. The trial court denied the motion to dismiss but granted Devco's motion to consolidate the proceedings. The jury awarded damages on the four suits and the trial court rendered judgment for Murray based on the jury findings. The court of appeals reversed as to the first set of condemnations. 705 S.W.2d 836. We granted writ of error to primarily consider the propriety of the court of appeals reversal in the absence of a statement of facts of the dismissal hearing. We affirm the judgment of the court of appeals.

Devco owns an oil and gas lease that allows for the installation of gas gathering lines for production of gas from the tracts in question. In 1981, in order to transport off unit gas from the tracts, Devco filed two condemnation proceedings: 81–749 on a 45–acre tract and 81–750 on a 95–acre tract. The Commissioners awarded $2,800.00 for the land condemned in 81–749 and $1,500.00 for the land condemned in 81–750. Devco deposited the money awards into the registry of the court. Murray objected to the Commissioner's awards as being inadequate and withdrew the money pending litigation. In 1982, during preparation for trial, Devco discovered that the pipeline easements were not correctly described in the condemnation proceedings and that the pipeline was only partially located on the described easements. To correct the error, Devco filed new condemnation proceedings which correctly described the easements sought: 82–545 on the 45–acre tract and 82–544 on the 95–acre tract. The Commissioners awarded $2,800.00 and $1,500.00, respectively. Devco did not deposit these amounts into the registry of the court but filed a motion to dismiss the 1981 proceedings alleging "the right-of-way condemned in such original condemnation proceeding is not the actual *situs* of the pipeline as it exists on the ground and therefore condemnor has no need for such condemnations." After a hearing, the trial judge overruled the motion, and the four cases proceeded to trial.

The court of appeals affirmed the judgment of the trial court as to the 1982

takings. It also reversed and remanded as to the 1981 proceedings with instructions to dismiss them after a hearing to determine Murray's expenses and fees in connection with the 1981 proceedings. Tex.Prop.Code Ann. § 21.019 (Vernon 1984).[1] It is the court of appeals reversal despite the lack of a record of the dismissal hearing that piqued our curiosity when writ was granted.

### Missing Record

Murray first complains that the court of appeals erred in reversing the trial court's ruling on the motion to dismiss because there was no statement of facts or findings of fact and conclusions of law from the motion to dismiss hearing.

■ Generally, in the absence of a statement of facts, it must be presumed that sufficient evidence was introduced to support the findings of the jury and the judgment of the court. *Lane v. Fair Stores, Inc.*, 150 Tex. 566, 243 S.W.2d 683, 685 (1951). Also, the burden is on a party appealing from a trial court judgment to show that the judgment is erroneous in order to obtain a reversal. *Englander Co. v. Kennedy*, 428 S.W.2d 806, 807 (Tex. 1968). However, here we do have a complete record of the jury trial. This enables us to evaluate whether the court of appeals correctly applied sections 21.019 and 21.020 of the Property Code to the facts of this cause.

The record before us supports Devco's position that Devco took only one strip of land, cleared one path and laid one pipeline. Furthermore, during oral arguments, counsel for Murray admitted that only one path was cut and one pipeline was laid. He also admitted that there was no physical possession by Devco of the property in the 1981 proceedings except to the extent of the overlap with the 1982 proceedings where there was no error in the description.

### Possession—Waiver of Right to Dismiss

■ After the Commissioners have made an award in a condemnation proceeding, a condemnor may take possession of the condemned property pending litigation if the condemnor pays the award to the property owner or the court and executes a bond. Tex.Prop.Code Ann. § 21.021 (Vernon 1984). Also, a condemnor has a right to refuse to take the property sought to be condemned and move to dismiss the condemnation proceeding. *Lower Nueces River Water Supply Dist. v. Cartwright*, 160 Tex. 239, 328 S.W.2d 752, 757 (1959). See Tex.Prop.Code Ann. § 21.019 (Vernon 1984).

■ However, a condemnor may lose the right to dismiss "by taking possession of the property." *Brazos River Conservation & Reclamation Dist. v. Allen*, 141 Tex. 208, 171 S.W.2d 842, 845 (Tex.Comm'n App.1943, opinion adopted). *See State v. Able*, 369 S.W.2d 520, 523 (Tex.Civ.App.— Texarkana 1963, writ ref'd n.r.e.). A "taking" is an actual physical invasion or an appropriation of the property. *Brunson v. State*, 444 S.W.2d 598, 601 (Tex.1969) (citing Tex. Const. art. I, § 17). A taking is complete when the owner is prejudiced and the status quo cannot be restored. *Id.* A landowner is prejudiced where the land is physically possessed and used by the condemnor. *See, e.g., Fort Worth Concrete Co. v. State*, 400 S.W.2d 314, 316 (Tex. 1966); *City of Rockwall v. Mitchell*, 497 S.W.2d 378, 380–81 (Tex.Civ.App.—Waco 1973, writ ref'd n.r.e.).

■ A condition precedent to the condemnor's right to dismissal is to restore the status quo by surrendering possession of the land to the condemnee. *Thompson v.*

---

1. § 21.019. Dismissal of Condemnation Proceedings

(a) A party that files a condemnation petition may move to dismiss the proceedings, and the court shall conduct a hearing on the motion. However, after the special commissioners have made an award, *in an effort to obtain a lower award* a condemnor may not dismiss the condemnation proceedings merely to institute new proceedings that involve *sub-stantially the same condemnation against the same property owner.*

(b) A court that hears a motion to dismiss a condemnation proceeding shall make an allowance to the property owner for reasonable and necessary fees for attorneys, appraisers, and photographers and for the other expenses incurred by the property owner to the date of the hearing.
(emphasis added).

*Janes,* 151 Tex. 495, 251 S.W.2d 953, 955 (1952). However, a condemnor is not required to take more land than it needs nor secure unnecessary easement rights in the absence of showing prejudice to the landowner. *Texas Power & Light Co. v. Cole,* 158 Tex. 495, 313 S.W.2d 524, 531 (1958).

Here, Devco took possession of the strip of land in question by clearing the land and laying the pipeline. In filing the 1982 condemnation proceedings and seeking to dismiss the 1981 proceedings, Devco was merely correcting the legal descriptions in the 1981 proceedings to correspond to where the pipeline lay. Devco did not deposit into the registry of the court the Commissioner's award for the 1982 proceedings. Neither the trial court nor the court of appeals ordered Murray to return the deposit.

Murray argues that Devco may not dismiss the 1981 condemnation proceedings because Devco took "possession" of the property described in the 1981 proceedings. The record does not support this assertion. It is undisputed that all Devco possessed was the strip of land which was cleared and where the pipeline was laid. Murray and the other owners were the ones in actual possession of the two tracts except for the strip of land in question. Mac Young, one of the property owners, testified that he would selectively cut timber on the tracts "where the pipeline wasn't." By seeking dismissal of the 1981 proceedings, Devco was simply correcting field note descriptions and returning to Murray the property which was in Murray's possession and which Devco did not need. Murray is not entitled to a double recovery for the taking of one strip of land. Murray was returned to the status quo and was not prejudiced by the dismissal of the 1981 proceedings. *See Texas Power & Light Co. v. Cole,* 313 S.W.2d at 530 (where condemnor had not physically occupied land and made no use of it as contemplated by the condemnation which would interfere with condemnee's rights, condemnee has shown no prejudice). In regards to the money award, Murray was not prejudiced by the alleged taking in the 1981 proceedings because Murray received the security of the Commissioner's award.

*Penalty Provision*

Murray also asserts that the court of appeals erred by not applying the penalty provision of Tex.Prop.Code Ann. § 21.-020 (Vernon 1984).[2] As previously discussed, the 1981 proceedings do not involve substantially the same property as the 1982 proceedings within the meaning of the Property Code; thus, the penalty provision does not apply.

*Conclusion*

Murray does not present us with any legal theory to support the trial court's ruling on the motion to dismiss the 1981 condemnation proceedings other than Devco's failure to include a transcript of the dismissal hearing in the record. While the better practice would have been for Devco to have done so, there is other evidence before us by which we can evaluate Murray's points of error.

The judgment of the court of appeals is affirmed.

MAUZY, J., not sitting.

---

2. § 21.020. Reinstatement of Condemnation Proceedings.

If a condemnor moves to dismiss a condemnation proceeding and subsequently files a petition to condemn substantially the same property interest from the same property owner, the court may not appoint new special commissioners but shall enter the award of the special commissioners in the first proceeding as the award in the second. The court shall award the property owner triple the amount of the expenses that were allowed the property owner prior to the dismissal of the first proceeding.