Powell v. Autry 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 






NO. 3-92-513-CV






ORVID POWELL AND DERRICK REESE,



 APPELLANTS


vs.





JO ANN HOWARD, AS SPECIAL DEPUTY RECEIVER


FOR NATIONAL COUNTY MUTUAL FIRE INSURANCE COMPANY,



 APPELLEE




 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT



NO. 91-3007, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING



 





 Appellants, Orvid Powell and Derrick Reese (collectively, "Plaintiffs"), filed suit
against appellee, Jo Ann Howard, as Special Deputy Receiver for National County Mutual Fire
Insurance Company ("the Receiver") to recover damages for personal injuries they sustained in
an automobile collision. The trial court rendered judgment awarding Plaintiffs damages based on
the jury's verdict and awarding postjudgment interest and court costs; the trial court refused,
however, to award Plaintiffs prejudgment interest. In two points of error, Plaintiffs complain of
the trial court's failure to award such interest. We will affirm the trial court's judgment.



FACTUAL AND PROCEDURAL BACKGROUND


 On June 20, 1987, Powell was driving a vehicle, with Reese as a passenger, that
was involved in a collision with a vehicle driven by Rick Linton Whiteley. Whiteley's vehicle
was insured by National County. National County was placed into receivership by the Texas
Board of Insurance sometime after the collision occurred. Accordingly, Plaintiffs filed a claim
with the Receiver, as required by the Texas Insurance Code. See Tex. Ins. Code Ann. art. 21.28,
§ 3 (West Supp. 1993). The Receiver rejected this claim, and Plaintiffs filed the underlying suit.

 At trial, the Receiver stipulated as to liability, and the case was tried to the jury on
the issue of damages. Based on the jury's verdict, the trial court rendered judgment that Powell
recover $10,951 and that Reese recover $3,640 from the Receiver as "covered claims" as defined
under the Property and Casualty Insurance Guaranty Act, Tex. Ins. Code Ann. art. 21.28-C (West
Supp. 1993), which creates a "guaranty fund" to cover certain claims against financially impaired
insurers. In addition, the trial court awarded Plaintiffs postjudgment interest and assessed court
costs against the Receiver. The trial court, however, refused to award prejudgment interest as
requested by Plaintiffs in their petition. Pursuant to Rule 40(a)(4) of the Texas Rules of Appellate
Procedure, Plaintiffs filed a "Notice of Limitation of Appeal" designating the issue of prejudgment
interest as the only issue on appeal. No statement of facts was tendered to this Court.



DISCUSSION


 In two points of error, Plaintiffs complain that the trial court erred in refusing to
award prejudgment interest on their claims. Plaintiffs claim they are entitled to prejudgment
interest pursuant to the "judgment-interest statute," article 5069-1.05 of the Texas Revised Civil
Statutes, which provides in part:



Judgments in wrongful death, personal injury, and property damage cases must
include prejudgment interest. . . . [P]rejudgment interest accrues on the amount
of the judgment during the period beginning on the 180th day after the date the
defendant receives written notice of a claim or on the day suit is filed, whichever
occurs first, and ending on the day preceding the date judgment is rendered.



Tex. Rev. Civ. Stat. Ann. art. 5069-1.05, § 6(a) (West Supp. 1993). If this provision applies,
Plaintiffs are entitled to prejudgment interest, because their suit was for personal injury and the
trial court rendered judgment in their favor.

 National County had been placed into receivership sometime after the collision but
before Plaintiffs filed their lawsuit. Therefore, Plaintiffs appropriately filed their claims against
the receivership estate. The Receiver contends that Plaintiffs' recovery of prejudgment interest,
seemingly required by the judgment-interest statute, is precluded by a conflicting statutory
provision contained in the portion of the Insurance Code regulating the liquidation, rehabilitation,
reorganization, and conservation of insurers. See Tex. Ins. Code Ann. art. 21.28 (West 1981 &
Supp. 1993). Section 8(d) of article 21.28 of the Insurance Code provides that "[i]nterest shall
not accrue on any claim subsequent to the date of the commencement of delinquency
proceedings." Plaintiffs contend that section 8(d) should not prevent their recovery of
prejudgment interest because their claim is not against the receivership estate pursuant to article
21.28, but rather is against the "guaranty fund" pursuant to article 21.28-C. Plaintiffs contend
that prejudgment interest is not excluded as a covered claim under section 5(8) of article 21.28-C
and, therefore, they are entitled to recover such interest.

 We are not persuaded by this distinction between article 21.28 and article 21.28-C. 
The only logical interpretation of article 21.28-C is that a party entitled to recover on a "covered
claim" from the guaranty fund must first have a valid claim against the receivership estate. In
other words, if a party is precluded from asserting a claim against the receivership estate, such
party is not entitled to recover, based on that claim, from the guaranty fund.

 Consistent with the foregoing analysis, this Court has previously addressed the
application of section 8(d) in the context of a claim for prejudgment interest brought against the
guaranty fund, holding that this provision "prohibit[s] a Receiver from paying prejudgment
interest that otherwise would accrue after inception of the delinquency proceeding and before the
entry of the court's judgment." Brodhead v. Dodgin, 824 S.W.2d 616, 621 (Tex. App.--Austin
1991, writ denied) (quoting Durish v. Dancer, 819 S.W.2d 258, 263 (Tex. App.--Austin 1991,
writ denied)). Plaintiffs attempt to distinguish our holding in Brodhead by asserting that that case
was "commenced . . . before the mandatory payment of prejudgment interest was added to the
Judgment Interest Statute." That distinction is not controlling. Our holding in Brodhead indicates
that section 8(d) of article 21.28 precludes the recovery of prejudgment interest on a claim brought
against the guaranty fund under article 21.28-C. The fact that such interest could be granted on
a permissive rather than a mandatory basis is not material to the basis of our decision in
Brodhead. Accordingly, we adhere to our prior holding.

 Plaintiffs also suggest that we should construe section 8(d) not to prohibit the award
of prejudgment interest. It appears to us, however, that such an interpretation would render the
statute meaningless. We have previously held that section 8(d) does not prevent an award of
postjudgment interest. Durish, 819 S.W.2d at 263. If we were to interpret section 8(d) as not
preventing any award of prejudgment interest, we would in essence interpret the statute as not
prohibiting the award of any interest, even though the statute clearly states that "interest shall not
accrue." This interpretation would produce an absurd result, which is to be avoided in construing
statutes. Sharp v. House of Lloyd, Inc., 815 S.W.2d 245, 249 (Tex. 1991). Accordingly, we
reject Plaintiffs' interpretation of section 8(d) and conclude that, in the context of the present case,
section 8(d) precludes Plaintiffs' recovery of prejudgment interest on their claims "subsequent to
the date of the commencement of delinquency proceedings."

 We now address whether Plaintiffs are entitled to prejudgment interest prior to the
date of the commencement of delinquency proceedings. Section 8(d) of article 21.28 does not
expressly preclude such recovery. Although it would appear that section 5(8) of article 21.28-C
may preclude the recovery of such interest, we do not address that issue. (1) Rather, we will assume
for purposes of the following discussion that, pursuant to the judgment-interest statute referenced
above, Plaintiffs could be entitled to prejudgment interest for the period of time before the
delinquency proceedings commenced. As stated above, that statute provides for the accrual of
prejudgment interest "beginning on the 180th day after the date the defendant receives written
notice of a claim or on the day suit is filed, whichever occurs first, and ending on the day
preceding the date judgment is rendered." Tex. Rev. Civ. Stat. Ann. art. 5069-1.05, § 6(a) (West
Supp. 1993). Thus, if the defendant received written notice of the claim more than 180 days
before the commencement of the deficiency proceedings, Plaintiffs could be entitled to
prejudgment interest from that date until the date deficiency proceedings commenced. Plaintiffs,
however, have not provided this Court with a statement of facts from the trial, and the record
before this Court contains no indication of when such written notice might have been sent. In the
absence of a statement of facts, we must presume that sufficient evidence was introduced to
support the trial court's conclusion that Plaintiffs were not entitled to recover prejudgment
interest. See Murray v. Devco, Ltd., 731 S.W.2d 555, 557 (Tex. 1987); Durish, 819 S.W.2d at
261. Accordingly, we overrule Plaintiffs' points of error.



CONCLUSION


 We affirm the trial court's judgment.



 

 J. Woodfin Jones, Justice

Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: September 15, 1993

Do Not Publish

1.   Section 5(8) provides in part: "`Covered claim' shall not include supplementary
payment obligations, including . . . interest . . . incurred prior to the determination that an
insurer is an impaired insurer under this Act." Tex. Ins. Code Ann. art. 21.28-C, § 5(8)
(West Supp. 1993) (emphasis added).