**Robert S. BENNETT, Appellant,**

v.

**Les COCHRAN, Appellee.**

No. 14–00–01160–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 1, 2001.

Kevin Grillo, Corpus Christi, for appellant.

Les Cochran, Houston, pro se.

Panel consists of ANDERSON, HUDSON, and FROST, JJ.

## OPINION

KEM THOMPSON FROST, Justice.

This case arises out of a partnership dispute between two lawyers, appellant Robert S. Bennett and appellee Les Cochran. Bennett challenges the legal and factual sufficiency of the evidence supporting various jury findings in favor of Cochran. We affirm.

## I. BACKGROUND

Cochran brought suit against Bennett seeking to recover damages for representations Bennett allegedly made regarding the formation of a law partnership. Bennett filed a counterclaim against Cochran alleging, among other things, breach of partnership agreement and partnership duties and fraud. A jury found Bennett liable for negligent misrepresentation and awarded $50,000 to Cochran. The jury also found that Cochran failed to comply with an oral partnership agreement and awarded Bennett $24,000 in damages and $50,000 in attorney's fees. Finally, the jury found that Cochran assaulted Bennett and awarded $5,000 in damages. Cochran filed a motion asking the court to disregard the jury findings regarding the partnership agreement and attorney's fees and to enter judgment notwithstanding the verdict. The trial court granted Cochran's motion for judgment notwithstanding the verdict.

## II. ISSUES AND ANALYSIS

Bennett presents three issues for our review: (1) there was more than a scintilla of evidence supporting the jury's finding that Cochran failed to comply with an oral partnership agreement; (2) there was more than a scintilla of evidence in the record supporting the jury's finding awarding him attorney's fees; and (3) the evidence was not legally sufficient to support the jury's finding that he made negligent misrepresentations.

■ All three of Bennett's issues require a review of the sufficiency of the evidence to support the jury's verdict. Bennett, however, requested only a partial reporter's record. *See* TEX.R.APP. P.

34.6(c). Cochran argues that by requesting only a partial reporter's record, Bennett effectively waived all of his appellate issues. We agree.

Appellate review of a judgment notwithstanding the verdict is a no evidence review; therefore, this court must determine whether there was any evidence in the entire record, upon which a jury could have based its verdict. *See Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226 (Tex.1990) (stating that the entire record must be examined on appeal to successfully attack a judgment notwithstanding the verdict.). In order to review a factual or legal sufficiency point, we must consider the entire record. An appellant who wishes to urge a no-evidence point must provide the entire reporter's record. *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843–44 (Tex.1990); *see also Englander Co. v. Kennedy*, 428 S.W.2d 806, 806 (Tex.1968) (per curiam). When the appellant fails to bring forward a complete reporter's record, the appellate court will presume the record contained matters supporting the trial court's judgment. *Murray v. Devco, Ltd.*, 731 S.W.2d 555, 557 (Tex.1987). Accordingly, in the absence of a complete record, we must presume the record contained evidence sufficient to support the jury's findings and the court's judgment.

### III. CONCLUSION

An appellate court cannot review issues which are dependant on the state of evidence without a complete reporter's record. Therefore, if the appellant fails to bring forward a complete record, the issues dependant on the state of evidence will be deemed to have been waived. *See Schafer v. Conner*, 813 S.W.2d 154 (Tex.

1. Cochran also moved to dismiss this appeal based on Bennett's failure to present a complete reporter's record; however, we deny

1991). All of Bennett's issues challenge the sufficiency of the evidence and require a review of the entire record. Thus, by failing to provide this court with the entire record, Bennett has waived all error assigned by his three issues.[1]

The trial court's judgment is affirmed.

this motion because dismissal is not proper in this situation.