

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00025-CV

_____

THOMAS GUNDERSON, Appellant

V.

NATIONAL INDOOR RV CENTERS, LLC, Appellee

On Appeal from the 481st District Court
Denton County, Texas
Trial Court No. 23-9094-481

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

This interlocutory appeal brings us yet another of "what has become a routine scenario: one party is dissatisfied with another's services, the dissatisfied party posts negative information on the internet, the service provider considers the posted statements defamatory and sues, and the dissatisfied party (now the defendant) invokes the [Texas Citizen's Participation Act (TCPA)]." *Rogers v. Soleil Chartered Bank*, No. 02-19-00124-CV, 2019 WL 4686303, at *1 (Tex. App.—Fort Worth Sept. 26, 2019, no pet.) (mem. op.). But here, the dissatisfied party—Appellant Thomas Gunderson—has inadequately briefed his challenges to the trial court's denial of his TCPA motion to dismiss. *See* Tex. R. App. P. 38.1, 38.9. Because Gunderson presents nothing for our review, we will affirm.

## I. Background

Gunderson—acting as an agent for his father's company—helped the company purchase a recreational vehicle (RV) from Appellee National Indoor RV Centers, LLC (National). When Gunderson experienced issues with the RV, he took it to National for repairs and was informed that the repairs were not covered by a manufacturer warranty because the RV had been purchased by a commercial entity. According to National, it offered to help facilitate the repairs anyway, but Gunderson would not agree to sign the forms necessary to authorize the work. Either way, Gunderson refused to remove the RV from National's facility unless the repairs were completed,

and National had the RV towed off its property. Based on this experience, Gunderson posted several heated, negative reviews of National on Yelp and Google.[1]

National sued Gunderson for defamation and business disparagement, and Gunderson moved to dismiss under the TCPA. He argued that National's claims were in response to his exercise of his right of free speech because his reviews involved a matter of public concern. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.001(3) (defining "[e]xercise of the right of free speech" as "a communication made in connection with a matter of public concern"). After hearing arguments on the motion to dismiss, the trial court orally denied it.[2] Gunderson filed this interlocutory appeal to challenge that denial. *See id.* §§ 27.008, 51.014(a)(12).

## II. Governing Law and Standard of Review

The TCPA provides a three-step, burden-shifting process for the expedited dismissal of certain claims, including claims that are based on or in response to the defendant's exercise of his (statutorily defined) right of free speech. *See id.* § 27.003(a);

---

[1]Gunderson's reviews included descriptions of the RV's alleged faults and detailed play-by-plays of specific interactions between himself and National, along with numerous insults directed at National such as "[t]hese are terrible people" and "[t]his is the worst dealership on earth," and warnings such as "avoid this [dealership] at all costs" and "[g]o anywhere else." National claims that Gunderson used aliases to post additional negative reviews on social media as well.

[2]The trial court did not sign an order documenting its ruling, but it noted the denial as a docket entry. Regardless, a TCPA motion is "considered to have been denied by operation of law" if no order has been entered by "the 30th day following the date the hearing on the motion concludes." Tex. Civ. Prac. & Rem. Code Ann. §§ 27.005(a), .008(a).

*McLane Champions, LLC v. Hous. Baseball Partners LLC*, 671 S.W.3d 907, 913–14 (Tex. 2023). In broad strokes, the first step of the TCPA process requires dismissal if the defendant carries his burden to establish that the TCPA applies to the plaintiff's claims; the second step shifts the burden to the plaintiff to avoid dismissal by demonstrating a prima facie case for its challenged claims; and the third step shifts the burden back to the defendant and provides another chance for dismissal if the defendant shows an affirmative defense. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005; *McLane Champions*, 671 S.W.3d at 914 & n.6.

Although we review a trial court's ruling on a TCPA motion de novo, *NexPoint Advisors, L.P. v. United Dev. Funding IV*, 674 S.W.3d 437, 444 (Tex. App.—Fort Worth 2023, pets. denied), the appellant bears the burden to identify how the trial court erred. *See Murray v. Devco, Ltd.*, 731 S.W.2d 555, 557 (Tex. 1987) (recognizing that "the burden is on a party appealing from a trial court judgment to show that the judgment is erroneous in order to obtain a reversal"); *Miller v. Watkins*, No. 02-20-00165-CV, 2021 WL 924843, at *23 (Tex. App.—Fort Worth Mar. 11, 2021, no pet.) (mem. op.) (similar, quoting *Murray* in review of denial of TCPA motion to dismiss); *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.) ("We are not responsible for identifying possible trial court error."). Part of that burden is the appellant's responsibility to "present argument that will enable the court to decide the case" by filing a brief that "contain[s] a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."

Tex. R. App. P. 38.1(i), 38.9; *see De Los Reyes v. Maris*, No. 02-21-00022-CV, 2021 WL 5227179, at *8 (Tex. App.—Fort Worth Nov. 10, 2021, no pet.) (mem. op.) (noting that "[a]n appellant has the burden to present and discuss his assertions of error in compliance with the appellate briefing rules").

Although we construe appellate briefs liberally and require only substantial compliance with the briefing rules, *see* Tex. R. App. P. 38.9; *Horton v. Stovall*, 591 S.W.3d 567, 569–70 (Tex. 2019), "we do not and cannot assume the responsibility of doing the [appellant's] briefing for [him]." *De Los Reyes*, 2021 WL 5227179, at *8–9; *see NexPoint Advisors*, 674 S.W.3d at 446. Without appropriate "citation[s] to the record[,] . . . citations for legal references," and "substantive [legal] analysis," a brief is inadequate to present an issue for our review, and the issue is waived. *NexPoint Advisors*, 674 S.W.3d at 446–47; *see Campos v. Cweren Law Firm PLLC*, No. 01-22-00718-CV, 2024 WL 971672, at *12 (Tex. App.—Houston [1st Dist.] Mar. 7, 2024, pet. filed) (mem. op.) ("A failure to cite appropriate authority or provide proper citation to the record waives a complaint on appeal."); *AMX Enters., L.L.P. v. Master Realty Corp.*, 283 S.W.3d 506, 525 (Tex. App.—Fort Worth 2009, no pet.) (op. on reh'g) ("An issue unsupported by citation to any legal authority presents nothing for the court to review.").

## III. Discussion

In four issues, Gunderson contends that the trial court should have resolved each of the three TCPA steps in favor of dismissal and also that he was entitled to

5

recover attorney's fees. But Gunderson has not adequately briefed any of these issues.

For starters, the argument portion of Gunderson's brief contains a mere five record references. *Cf.* Tex. R. App. P. 38.1(i) (requiring appellant's brief to contain "appropriate citations . . . to the record"). Rather than citing the record, Gunderson summarizes his view of events in a conclusory fashion, implicitly expecting the court to search the record for evidence to support such representations. But "we are not responsible for searching the record for facts that are favorable to the appellant's position." *NexPoint Advisors*, 674 S.W.3d at 446.

And while the dearth of record references is troubling enough, more troubling is the complete absence of applicable case law or substantive legal analysis. *See* Tex. R. App. P. 38.1(i) (requiring appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities"). Apart from Gunderson's recitation of the standard of review and the general purposes of the TCPA, he provides no legal citations to support his arguments.[3] The four sections of Gunderson's brief that he dedicates to his four appellate issues lack any case law whatsoever, do not cite to the TCPA at all, and are entirely devoid of legal analysis.

---

[3]The same is true of Gunderson's reply brief; it includes just two legal citations, both of which support Gunderson's recitation of the TCPA's purpose. *See id.* § 27.002.

6

For example, one of the key issues that the parties disputed in the trial court was whether Gunderson's communications fell within the statutory definition of the "[e]xercise of the right of free speech," i.e., whether his communications were made "in connection with a matter of public concern." Tex. Civ. Prac. & Rem. Code Ann. § 27.001(3). Based on the theory of TCPA applicability that Gunderson advanced,[4] he was required to show in his first issue that the substance of his communications fell within the statutory meaning of a "matter of public concern." *See id.* § 27.001(7) (defining "[m]atter of public concern"). Yet, in Gunderson's appellate discussion of the TCPA's applicability, he fails to even utter the phrase "matter of public concern,"[5] much less cite to or quote the statutory definition. Even though this is a threshold matter on which Gunderson's three other appellate issues all hinge, he dedicates just six sentences to it:

> On two occasions, Gunderson wrote unfavorable reviews on social media when the Dealership refused to cover his warranty claim. On September 19, 2023, Gunderson explained the events that occurred in

[4]Rather than showing that a plaintiff's claim is based on the defendant's exercise of his right of free speech, a defendant may satisfy step one by showing that the plaintiff's claim is based on or in response to "the act of a party described by [TCPA] Section 27.010(b)." *Id.* § 27.005(b)(2). The actions described in Section 27.010(b) include "a legal action against a person related to the communication, . . . [or] posting . . . of consumer opinions or commentary . . . or reviews or ratings of businesses." *Id.* § 27.010(b)(2). Gunderson did not move to dismiss on this alternative basis, and he does not mention it on appeal.

[5]Gunderson uses the phrase in his list of issues presented and in his summary of the argument, but he omits it entirely from the argument section of his brief—the section purportedly dedicated to the substantive analysis of his appellate issues.

the purchase of the vehicle, the vehicle's failure, the Dealership's failure to provide assistance when his family was stranded, and his efforts to remedy the problem. His post goes on to explain his dissatisfaction and includes his opinion of whether the Dealership committed fraud. These statements qualify as the kind of speech protected under the TCPA. [Single record citation.]

When the Dealership apologized, he removed the reviews, but later reposted them when the Dealership reneged and did not make the warranty repairs. *Id.* [to the same record citation.][6] For the same reasons that the initial posts qualify under the TCPA, the second series of posts also qualify.

Lest there be any confusion, no legal citations or footnotes have been omitted from the above quotation; they are simply missing from Gunderson's brief.

And while Gunderson's failure to present substantive argument on this threshold issue obviates the need to reach Gunderson's other appellate issues, *see* Tex. R. App. P. 47.1, his briefing suffers the same deficits. His discussion of the third TCPA step, for example—Gunderson's third appellate issue—is a mere three sentences:

It is textbook law that truth is a valid affirmative defense. Here, the Dealership's apology also serves to demonstrate the truth of Gunderson's statements. The Dealership's apology and promise to take care of things under the warranty demonstrate that Gunderson has a valid affirmative defense by a preponderance of [the] evidence.

Gunderson does not cite any case law for the "textbook law" he references, and he does not address his failure to plead any affirmative defenses. *See Bolling*, 315

---

[6]This "*Id.*" citation is included in our above-referenced count of Gunderson's five record citations.

S.W.3d at 896–97 (noting that "[r]eferences to sweeping statements of general law are rarely appropriate" and holding appellant inadequately briefed issues). In fact, he does not cite any case law at all to support issue three, nor does he cite any provisions of the TCPA, nor any evidence in the record.

"We are not responsible for identifying possible trial court error, . . . or doing the legal research that might support a party's contentions." *Shetty v. Arconic Inc.*, No. 01-19-00158-CV, 2020 WL 2026371, at *2 (Tex. App.—Houston [1st Dist.] Apr. 28, 2020, no pet.) (mem. op.) (internal citations omitted) (holding appellant waived issue by failing to, among other things, cite to the record or to relevant legal authority); *see Miller*, 2021 WL 924843, at *21 (similar, noting TCPA appellant's failure to "cit[e] to any authority addressing tortious interference" or to "even cite authority outlining what the elements of the cause of action are"). And it would be inappropriate for us to do so—it would require us to "abandon our role as a neutral adjudicator . . . to develop [Gunderson's] legal arguments for him" before resolving the appeal based on the legal arguments we crafted on his behalf. *See In re Guardianship of Onyebuchi*, No. 02-13-00401-CV, 2014 WL 4463114, at *2 (Tex. App.—Fort Worth Sept. 11, 2014, pet. denied) (mem. op.) (holding appellant waived any error due to inadequate briefing); *see Shetty*, 2020 WL 2026371, at *2 (similar). "Simply put, we are not advocates for any of the parties." *De Los Reyes*, 2021 WL 5227179, at *9.

Given Gunderson's sparse record references, lack of legal citations, and failure to provide any meaningful analysis of his appellate issues, he has not presented

anything for our review and has waived his challenges to the trial court's TCPA ruling. *See Campos*, 2024 WL 971672, at *12 (holding appellant's failure to "direct the Court to any portion of the record or appropriate authority to support its assertion[s]" waived complaint that trial court erroneously denied request for attorney's fees under TCPA); *NexPoint Advisors*, 674 S.W.3d at 447 (holding appellant inadequately briefed challenge to TCPA ruling regarding one defendant); *Miller*, 2021 WL 924843, at *21 (reviewing denial of TCPA motion and holding appellant's inadequate briefing waived challenge to appellee's prima facie case of tortious interference).

## IV. Conclusion

Gunderson's inadequate briefing presents nothing for our review. *See NexPoint Advisors*, 674 S.W.3d at 446–47; *Miller*, 2021 WL 924843, at *21. We therefore affirm the trial court's order denying Gunderson's TCPA motion to dismiss. *See* Tex. R. App. P. 43.2(a).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: July 11, 2024