**Affirmed and Memorandum Opinion filed June 25, 2026**



In The

# Fifteenth Court of Appeals

### NO. 15-26-00095-CV

**ANTONIUS ANU BEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 95th District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-25-02326**

## MEMORANDUM OPINION

Appellant Antonius Anu Bey appeals from the dismissal of his claims against the State for want of prosecution. We affirm.

On February 14, 2025, Bey filed suit against the State, asserting that certain elected officials had violated their constitutional oaths by various actions. The trial court issued a Notice of Dismissal for Want of Prosecution and a hearing was set for July 29, 2025. After the hearing, the trial court signed an order dismissing the case for want of prosecution "pursuant to Tex. R. Civ. P. 165a and the Court's

inherent power." Bey filed a notice of appeal.

"The trial court's authority to dismiss for want of prosecution stems from two sources: (1) Rule 165a of the Texas Rules of Civil Procedure, and (2) the court's inherent power." *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). A trial court may dismiss a case under Rule 165a (1) if a party seeking affirmative relief fails to "appear for any hearing or trial of which the party had notice" or (2) when a case is not disposed of within the time standards promulgated by the Texas Supreme Court. Tex. R. Civ. P. 165a(1), (2). Under the common law, the trial court has "the inherent power to dismiss independently of the rules of procedure when a plaintiff fails to prosecute his or her case with due diligence." *Villarreal*, 994 S.W.2d at 630. We review a trial court's dismissal for want of prosecution for an abuse of discretion. *See MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam).

"[T]he burden is on a party appealing from a trial court judgment to show that the judgment is erroneous in order to obtain a reversal." *Murray v. Devco, Ltd.*, 731 S.W.2d 555, 557 (Tex. 1987). In this Court, Bey does not challenge the trial court's dismissal of his case for want of prosecution. Rather, he asserts that State public officials "continue to violate the federal constitution and their own law(s)." But the trial court did not address those issues and Bey does not explain how they relate to the dismissal order.

Because Bey has failed to raise any issue showing that the judgment is erroneous, we must affirm. *Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998) (per curiam) ("It is axiomatic that an appellate court cannot reverse a trial court's judgment absent properly assigned error."); *see* Tex. R. App. P. 38.1(f) ("The brief must state concisely all issues or points presented for review.").

We affirm the judgment of the trial court.

/s/ April Farris
April Farris
Justice

Panel consists of Chief Justice Brister and Justices Field and Farris.